UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

<pre>
      Chambers of                                              101 West Lombard Street
GEORGE L. RUSSELL, III                                         Baltimore, Maryland 21201
  United States District Judge                                         410-962-4055
</pre>

October 25, 2018

MEMORANDUM TO COUNSEL RE:        Deborah L. Gogel, et al. v. John Maroulis, et al.
                                 Civil Action No. GLR-16-2695

Dear Counsel:

Pending before the Court are: (1) Plaintiffs Deborah L. Gogel, Amanda Foti, Candace Gogel, Helen Gogel, Elena Ramos, Maria A. Uribe, Thiana Castro, Freddy Ortiz, and Joshua Castro's Motion for Leave to File Second Amended Complaint (ECF No. 27); and (2) Defendant Paula A. Maroulis's Motion to Dismiss (ECF No. 24). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Plaintiffs' Motion and deny as moot the Motion to Dismiss.

On August 5, 2013, a boating accident occurred on navigable waters off the coast of Ocean City, Maryland. (Am. Compl. ¶ 3, ECF No. 18).[1] The accident resulted in the deaths of two invited passengers on the boat, William M. Gogel and Fredy F. Castro. (Id. ¶ 5). Paula and Defendant John Maroulis (collectively, the "Maroulises") "owned, operated, and had in their possession and control" the boat, a NAUTI CAT passenger vessel.[2] (Id. ¶ 2). John was operating the boat at the time of the accident. (Id. ¶ 3).

On July 26, 2016, Plaintiffs sued John Maroulis and "Sharon Maroulis" under the Death on the High Seas Act, 46 U.S.C. §§ 30301 et seq. (2018). (ECF No. 1-1). On May 3, 2018, the Court granted Plaintiffs leave to change the name of Defendant Sharon Maroulis to Paula A. Maroulis. (May 2, 2018 Order, ECF No. 17).[3] Plaintiffs then filed an Amended Complaint against the Maroulises. (ECF No. 18). The two-Count Amended Complaint alleges that John Maroulis negligently operated and controlled the boat. (Am. Compl. ¶ 4). Plaintiffs seek monetary damages. (Id. at 4, 5).

---

[1] Unless otherwise noted, the Court takes the following facts from Plaintiffs' Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

[2] The Court uses Defendants' first names to avoid confusion.

[3] Although the Court's May 2, 2018 Order granted Plaintiffs leave to amend the name of Defendant "Sharon Maroulis to Mary A. Maroulis," Plaintiffs filed a corrected Amended Complaint naming Paula as a Defendant, (Line, ECF No. 20), and served a copy on Paula, (ECF No. 29).

On June 11, 2018, Paula filed a Motion to Dismiss. (ECF No. 24).[4] Plaintiffs filed an Opposition on July 12, 2018. (ECF No. 28). To date, the Court has no record that Paula filed a Reply.

On June 27, 2018, approximately two weeks after Paula filed her Motion to Dismiss, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 27). The Maroulises filed an Opposition on July 12, 2018. (ECF No. 28). To date, the Court has no record that Plaintiffs filed a Reply.

The proposed Second Amended Complaint adds allegations that Paula Maroulis knew or should have known all passengers were required to have personal floatation devices. (2d Am. Compl. ¶ 5, ECF No. 27-2). It further alleges that Paula was negligent by: (1) "failing to provide a seaworthy vessel"; (2) failing to maintain properly the vessel's condition, "including the electrical system and electrical breakers, as well as the bilge pumps of said vessel"; (3) "failing to promulgate and enforce reasonable rules and regulations for" wearing personal floatation devices aboard the boat at issue; and (4) otherwise being "careless, reckless and negligent." (Id.). The proposed Second Amended Complaint asserts that the Maroulises' negligence caused Gogel's death (Count I) and Castro's death (Count II). (Id. ¶¶ 6, 9, 14).

There is a "federal policy in favor of resolving cases on the merits instead of disposing of them on technicalities." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 379 (4th Cir. 2012) (quoting Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009)). Consonant with this policy, Federal Rule of Civil Procedure 15(a)(2) provides that the Court should "freely give leave" to file an amended complaint "when justice so requires." The United States Court of Appeals for the Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

The Maroulises submit that the requested amendment would be futile. Leave to amend would be futile when an amended complaint could not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370,

---

[4] In her Motion, Paula Maroulis seeks dismissal on the ground that Plaintiffs fail to allege wrongful conduct by her beyond merely owning the boat at issue. (Mot. Dismiss at 1, ECF No. 24). The Motion and its supporting Memorandum refer to the "Complaint." (See, e.g., Mot. Dismiss at 1; Mem. Supp. Mot. Dismiss at 1, 4−5, ECF No. 24-1). "Normally, an amended complaint supersedes the original complaint." Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc., 555 U.S. 438, 456 n.4 (2009). The Court, therefore, concludes that Plaintiffs' Amended Complaint supersedes their Complaint. Further, the Memorandum in support of Paula's Motion to Dismiss references common allegations located in the same-numbered paragraphs of both the Complaint and the Amended Complaint. (See Mem. Support Mot. Dismiss at 1−2, 4; compare Compl. ¶¶ 2−4, ECF No. 1-1, with Am. Compl. ¶¶ 2−4). And Paula filed her Motion to Dismiss weeks after Plaintiffs filed the Amended Complaint. Accordingly, the Court will construe the Motion as challenging the sufficiency of the Amended Complaint.

376 (4th Cir. 2008). The purpose of a Rule 12(b)(6) motion is to "test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

The Death on the High Seas Act creates a cause of action "in admiralty" for a person's death caused by, among other things, negligence "on the high seas beyond 3 nautical miles from the shore of the United States." 46 U.S.C. § 30302. "To prevail in a negligence action in admiralty, a plaintiff must demonstrate that the boat owner breached the duty of 'exercising reasonable care under the circumstances' that he [or she] owes to boat passengers." Holesapple v. Barrett, 5 F.App'x 177, 180 (4th Cir. 2001) (quoting Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632 (1959)). The pleadings need only "allege facts sufficient to support plausible claims that: (1) [t]here was a duty owed by the defendant to the plaintiff; (2) [t]he duty was breached; (3) [t]he plaintiff sustained injury; and (4) [t]here is a causal connection between the defendant's conduct and the plaintiff's injury." Krajcsik v. Ramsey, MJG-15-3708, 2017 WL 3868560, at *2 (D.Md. Sept. 5, 2017) (citing Vollmar v. O.C. Seacrets, Inc., 831 F.Supp.2d 862, 866 (D.Md. 2011)).

Here, the Maroulises argue that Plaintiffs' proposed Second Amended Complaint fails to state a claim against Paula because it does not identify specific allegations supporting her breach of a duty. The Court disagrees. The proposed Second Amended Complaint adequately pleads a cause of action for negligence in admiralty against Paula. Construing the factual allegations set forth above in the light most favorable to Plaintiffs, the Court can reasonably infer that Paula Maroulis breached the duty she owed to Gogel and Castro because she: (1) invited the decedents on her unseaworthy boat; (2) knowingly disregarded the requirement that the decedents must have worn personal floatation devices while aboard the boat; and (3) failed to maintain the boat's electrical system and breakers and bilge pumps in a proper condition. (See 2d Am. Compl. ¶¶ 5−6, 9, 14).

3

The Maroulises maintain that the proposed pleading lacks any factual explanation or predicate supporting Paula's alleged breach of a duty. The Court is not persuaded.  The Second Amended Complaint need only contain "a short and plain statement of the claim showing that [Plaintiffs are] entitled to relief" for the deaths of Gogel and Castro. See Fed.R.Civ.P. 8(a)(2). In light of the allegations previously discussed, the Court concludes that the proposed Second Amended Complaint satisfies this standard.

Next, the Maroulises aver that Paula "was not present at the time of the accident" that allegedly resulted in the deaths of Gogel and Castro. (Resp. Mot. Leave File 2d Am. Compl. at 2, ECF No. 28). Nothing within the proposed Second Amended Complaint supports this averment. Indeed, the Second Amended Complaint alleges "[t]hat at all times hereinafter mentioned, the Defendants, John Maroulis and Paula A. Maroulis, . . . operated" the boat involved in the accident. (2d Am. Compl. ¶ 2). It further alleges that "on August 5, 2013," the date of the accident, "Paula Maroulis . . . operated and controlled the" boat. (Id. ¶ 5). Accepting these allegations as true and construing them in the light most favorable to Plaintiffs, the Court can reasonably infer that Paula was present aboard the boat when the accident occurred. The Court declines to resolve before discovery the question of whether, as a matter of fact, she was not present during the accident.

In sum, the proposed Second Amended Complaint sufficiently states negligence claims under the Death on the High Seas Act against Paula. The Court, therefore, concludes that allowing Plaintiffs to amend their pleadings would not be futile. Accordingly, the Court will grant Plaintiffs' Motion. Because the Court will permit Plaintiffs to amend their Amended Complaint and Paula's Motion to Dismiss is directed to the Amended Complaint, the Court will deny as moot her Motion to Dismiss.

For the foregoing reasons, Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 27) is GRANTED and Paula's Motion to Dismiss (ECF No. 24) is DENIED AS MOOT. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge